**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

*Plaintiff*,

v.

U.S. SECRET SERVICE
245 Murray Ln SW – Bldg. T-5,
Washington, DC 20223

and

U.S. DEPARTMENT OF
HOMELAND SECURITY,
245 Murray Lane SW
Washington, DC 20528

*Defendants*.

Case No. 21-cv- 2716

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security and the U.S. Secret Service under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. Secret Service (USSS) is a component of DHS, which is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USSS has possession, custody, and control of the records that American Oversight seeks.

**STATEMENT OF FACTS**

*8.* American Oversight submitted three FOIA requests to USSS on August 19, 2021, seeking records and communications related to the events of January 6, 2021.

*USSS Meeting Request*

9. On August 19, 2021, American Oversight submitted a FOIA request bearing internal tracking number DHS-USSS-21-1176 to USSS seeking records from any meetings held on January 5, 2021. Specifically, the request sought:

> Any records reflecting the substance and participants of a meeting on January 5, 2021 between the FBI, U.S. Secret Service, D.C. National Guard, U.S. Capitol Police, and Capitol Police Board, [1] regarding events at the U.S. Capitol, U.S. National Mall, or surrounding grounds in Washington D.C. on January 6, 2021, including agendas, meeting minutes or summaries (including handwritten notes and informal email summaries), participant lists, and any materials exchanged by parties attending the call.

10. American Oversight requested all responsive records from January 2, 2021, through January 6, 2021.

11. American Oversight has not received any further communication from USSS regarding this FOIA request.

*USSS Orders Request*

12. Also on August 19, 2021, American Oversight submitted a FOIA request bearing internal tracking number DHS-USSS-21-1182 to USSS seeking orders and communications related to the events of January 6, 2021. Specifically, the request sought:

> 1. Records sufficient to identify requests made or orders given to the U.S. Secret Service to provide then-President Trump's personal attorney Rudy Giuliani and Texas Attorney General Ken Paxton protectee status at the March for Trump Rally on January 6, 2021. [1]

2. All email communications (including emails, email attachments, complete email chains, and calendar invitations) sent or received by the Secret Service officials listed below regarding Trump lawyer Rudy Giuliani or Texas Attorney General Ken Paxton's protectee status at the March for Trump Rally on January 6, 2021.[1]

   Secret Service Officials
   a. Director James Murray
   b. Deputy Director Leonza "Leon" Newsome III
   c. Chief Counsel Thomas Huse
   d. Assistant Director of the Office of Protective Operations Kimberly Cheatle

In an effort to accommodate Secret Service and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited its request to emails sent by the specified officials. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both a specified official's response to an email from regarding Giuliani or Paxton's protectee status and the initial received message are responsive to this request and should be produced.

13. American Oversight requested all responsive records from November 3, 2020 through January 6, 2021.

14. American Oversight has not received any further communication from USSS regarding this FOIA request.

*USSS Communications Request*

15. Also on August 19, 2021, American Oversight submitted a FOIA request bearing internal tracking number DHS-USSS-21-1183 to USSS seeking orders and communications related to the events of January 6, 2021. Specifically, the request sought:

> All email communications (including emails, email attachments, complete email chains, and calendar invitations) sent by the Secret Service officials listed containing any of the following key terms:
>
> Secret Service Officials
> a. Director James Murray

b. Deputy Director Leonza "Leon" Newsome III
c. Chief Counsel Thomas Huse
d. Assistant Director of the Office of Protective Operations Kimberly Cheatle
e. Assistant Director of the Office of Professional Responsibility Percy Howard
f. Chief of the Uniformed Division, Thomas Sullivan
g. Anthony Ornato, Secret Service official

<u>Key Terms:</u>

1. Ascertain
2. Ascertainment
3. "Presidential Transition Act"
4. "3 U.S.C. 102"
5. "3 U.S.C. §102"
6. "3 U.S.C. § 102"
7. "apparent winner"
8. "President-elect"
9. "President elect"
10. "projected winner"
11. "electoral college"
12. Certify
13. Certification
14. POTUS
15. VPOTUS
16. Loyal
17. Loyalty
18. Loyalist
19. Loyalists
20. "Trump campaign"
21. "Biden campaign"
22. "transition team"
23. "GSA administrator"
24. "Emily Murphy"
25. "Administrator Murphy"

In an effort to accommodate Secret Service and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited its request to emails sent by the specified officials. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both a specified official's response to an email from regarding Giuliani or Paxton's protectee status and the initial received message are responsive to this request and should be produced.

16. American Oversight requested all responsive records from November 3, 2020 through January 6, 2021.

17. American Oversight has not received any further communication from USSS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

18. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

19. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of Defendants.

22. Defendants are an agency, and a component thereof, subject to FOIA and must therefore make reasonable efforts to search for requested records.

23. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

24. Defendants' failure to conduct adequate searches for responsive records violates FOIA.

25. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

26. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. American Oversight properly requested records within the possession, custody, and control of Defendants.

28. Defendants are an agency, and a component thereof, subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

29. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

30. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

31. Defendants' failure to provide all non-exempt responsive records violates FOIA.

32. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA

requests and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 15, 2021

Respectfully submitted,

*/s/ Khahilia Shaw*
Khahilia Shaw
D.C. Bar No. 1616974

*/s/ Emma Lewis*
Emma Lewis
D.C. Bar No. 144574

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005

(202) 539-6507
khahilia.shaw@americanoversight.org
emma.lewis@americanoversight.org

*Counsel for Plaintiff*